IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
CIVIL DIVISION

RICHARD M. DAUVAL, Trustee
for the estate of Margaret Spies,
an individual,

      Plaintiff,

v.

      Case No.: 2012 CC 0061 NC

REDLINE RECOVERY SERVICES, LLC,
a limited liability corporation,

      Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, RICHARD M. DAUVAL (hereinafter, "Plaintiff"),

Trustee for the bankruptcy estate of Margaret Spies (hereinafter, "Debtor"), by and

through the undersigned counsel, and sues Defendant, REDLINE RECOVERY

SERVICES, LLC (hereinafter, "Defendant"), and alleges:

### PRELIMINARY STATEMENT

This is an action for actual and statutory damages for violations of the Florida

Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the

"FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq.

(hereinafter, the "FDCPA").

### JURISDICTION, VENUE & PARTIES

1.    This is an action for damages that exceeds $5,000.00 and is less than

$15,000.00, exclusive of attorneys' fees and costs.

2.    Jurisdiction and venue for purposes of this action are conferred by Florida

Statute § 559.77 and 15 U.S.C. § 1692k(d).

3.     At all material times herein, the conduct of the Defendant, complained of below, occurred in Sarasota County, Florida.

4.     At all times herein, the Plaintiff is an individual residing in Sarasota County, Florida.

5.     Defendant is a foreign limited liability corporation existing under the law of the State of Georgia that, itself and through its subsidiaries, regularly collects debts due to another in Sarasota County, Florida.

## GENERAL ALLEGATIONS

6.     At all times herein, Defendant was a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Florida Statute § 559.55(6).  Defendant regularly uses interstate mail and places interstate telephone calls while engaging in a business the principal purpose of which is the collection of debts allegedly owed to another.

7.     At all times herein, the Defendant attempts to collect a debt from Debtor, (hereinafter, "the Debt").

8.     At all times herein, the Debt was a consumer debt, incurred primarily for

9.     personal, household or family use.

10.     At all times herein, the Defendant was a "person" pursuant to Florida Statute §559.72.  *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11.     At all times herein, the Defendant's conduct with regard to the Debt complained of below qualifies as a "communication" as defined by Florida Statute § 559.55.

12.     At all times herein, the Defendant acted itself or through its agents,

employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

13.   All conditions precedent to the filing of the action occurred or have been waived by the Defendant.

14.   On or about May 6, 2010, at approximately 9:27 A.M. ET, Defendant's employee or representative, Miss Munroe, called Debtor's place of employment in an attempt to collect the Debt without first obtaining a final judgment against the Debtor and without first obtaining Debtor's express consent to contact Debtor's place of employment.

15.   During the aforementioned call to Debtor's place of employment, Defendant spoke with Debtor's colleague.  Please see attached a true and correct copy of the message from Defendant taken by Debtor's colleague labeled Exhibit "A."

16.   If, during the aforementioned call to Debtor's place of employment, Defendant was attempting to acquire the location information of Debtor, then Defendant spoke with a third party and failed to state that Defendant was confirming or correcting location information concerning the Debtor.

17.   If, in the alternative, during the aforementioned call to Debtor's place of employment, the Defendant was communicating in an attempt to collect the Debt, then Defendant spoke with a third party in connection with the collection of the Debt rather than the Debtor, the Debtor's attorney, a consumer reporting agency, the original creditor, the attorney of the creditor, or the Defendant's attorney.

18.   On January 31, 2011, the Debtor, through her bankruptcy counsel, filed a Chapter 7 Voluntary Bankruptcy Petition in the Middle District of Florida, Tampa

Division, case number 8:11-bk-01679-MGW.

19. On or about March 4, 2011, the Debtor attended a United States Bankruptcy Court Meeting of Creditors. At this meeting, the Debtor testified under oath before the Plaintiff as to above communication to Debtor's place of employment.

20. The Plaintiff has retained Leavengood, Nash, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel") for the purpose of pursuing this matter against the Defendant and is obligated to pay his attorneys a reasonable fee for their services.

21. On June 15, 2011, on behalf of Plaintiff, Undersigned Counsel filed with the United States Bankruptcy Court, Middle District of Florida, Tampa Division, an Application to Employ Special Counsel for permission to be employed as special counsel to pursue the above allegations on behalf of the Debtors' bankruptcy estate.

22. On or about June 21, 2011, United States Bankruptcy Judge Michael G. Williamson signed, and the Clerk of Court entered, an Order Appointing Special Counsel. Please see the Order attached labeled Exhibit "B."

23. Florida Statute § 559.77 provides for the award of up to $1,000.00 statutory damages per each adverse adjudication and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter against the Defendant. *See Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d 1125, 1130 (M.D. Fla. 2009).

24. United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter against Defendant.

25. As of the date of this complaint, the Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been

obtained by, or transferred to, the Defendant.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE §559.72(4)

Plaintiff re-alleges paragraphs one (1) through twenty-four (24) as if fully restated herein and further states as follows:

26.    Defendant is subject to, and has violated provisions of, Florida Statute §559.72(4) by communicating or threatening to communicate with Debtor's employer without Debtor's consent or first obtaining a final judgment against the Debtor.

27.    Specifically, Defendant called Debtor's place of employment in an attempt to collect the Debt on or about May 6, 2010, and spoke to a colleague without first obtaining a final judgment against the Debtor and without first obtaining Debtor's express consent to contact Debtor's place of employment.

28.    As a direct and proximate result of the Defendant's actions, the Debtor has sustained damages as defined by Florida Statute §559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against the Defendant for $1,000.00 statutory damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. § 559.72(7)

29.    Plaintiff re-alleges paragraphs one (1) through twenty-four (24) as if fully restated herein and further states as follows:

30.    Defendant is subject to, and has violated the provisions of, 15 U.S. C. § 559,72(7) and has intentionally called at work and has left messages with colleagues in

hopes that the workplace, debt collection communications would scare Plaintiff into making payment on the debt otherwise, the impermissible workplace communications would simply have to be endured.

31.   Specifically, Defendant called Debtor's place of employment in an attempt to collect the Debt on or about May 6, 2010, and spoke to a colleague without first obtaining a final judgment against the Debtor and without first obtaining Debtor's express consent to contact Debtor's place of employment.

32.   As a direct and proximate result of the Defendant's actions, the Debtor has sustained damages as defined by Florida Statute §559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against the Defendant for $1,000.00 statutory damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

### COUNT THREE:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 U.S.C. § 1692b(1)

Plaintiff re-alleges paragraphs one (1) through twenty-four (24) as if fully restated herein and further states as follows:

33.   Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692b(1) by failing to state that it is confirming or correcting location information concerning the Debtor in its communication with a person other than the Debtor for the purpose of acquiring location information of the Debtor.

34.   Specifically, when the Defendant called Debtor's place of employment, Defendant spoke with a colleague of Debtor. To the extent Defendant was attempting to acquire location information from Debtor from Debtor's colleague, Defendant failed to

state to Debtor's colleague that Defendant was confirming or correcting location information concerning Debtor.

35.   As a direct and proximate result of the Defendant's actions, the Debtor has sustained damages as defined by 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. § 1692c(b)

Plaintiff re-alleges paragraphs one (1) through twenty-four (24) as if fully restated herein and further states as follows:

36.   Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692c(b) by communicating, in connection with the collection of the Debt, with any person other than Debtor, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the Defendant.

37.   Specifically, when Defendant called Debtor's place of employment, Defendant spoke with a colleague of Debtor. To the extent Defendant was communicating with Debtor's colleague in connection with Defendant's attempt to collect the Debt from Debtor, Defendant communicated with a party other than Debtor, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the Defendant.

38.   As a direct and proximate result of the Defendant's actions, the Debtor has sustained damages as defined by 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

39.    Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENGOOD & NASH**

□ **Ian R. Leavengood, Esq., FBN 10167**
□ **Christopher C. Nash, Esq., FBN 135046**
□ **Heather M. Fleming, Esq., FBN 25971**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
hfleming@leavenlaw.com
Attorneys for Plaintiff